IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MIGUEL BORGO and COLLEEN BLANKENSHIP, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 321-076 |
| THE ESTATE OF THOMAS CRAVEY; THOMAS CRAVEY, individually and as the co-executor of the Estate of Thomas Cravey; MARK CRAVEY, individually and as the co-executor of the Estate of Thomas Cravey; SUSAN EVANS; and SUSAN EVANS REALTY, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiffs filed a motion seeking to amend the complaint to add information on fraud claims, remove certain claims of fraud, and dismiss Defendants Susan Evans and Susan Evans Realty, LLC. (Doc. no. 36.) Defendants consent to the motion. (Id. at 2.)

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013) (*per curiam*). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith

or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182).  In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, the Court finds no reason to deny the request to amend.  The proposed amendments are timely under the Scheduling Order, (doc. no. 18), and there is no evidence any party has acted in bad faith or the amendments would be futile or subject any party to unfair prejudice.  Accordingly, the Court **GRANTS** the motion to amend the complaint.  (Doc. no. 36-1.)  However, as an amended complaint supersedes the initial complaint and becomes the operative pleading, the Court finds Plaintiffs' motion to dismiss Defendants Susan Evans and Susan Evans Realty, LLC as **MOOT** if Plaintiff does not intend to name them in the amended complaint.  (Doc. no. 36-2.)

Plaintiff shall have seven days from the date of this Order to file the First Amended Complaint as a stand-alone entry on the docket.  Upon the filing of the amended complaint, the Clerk shall update the parties on the docket as indicated by the new caption.

SO ORDERED this 8th day of March, 2022, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA